UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:21-cr-00153-DAD |
| Plaintiff, | ORDER DENYING DEFENDANT QUINTERO BELTRAN'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2) |
| v. | |
| JOSE QUINTERO BELTRAN, | (Doc. Nos. 32, 40) |
| Defendant. | |

On March 13, 2024, defendant Jose Quintero Beltran filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines.  (Doc. No. 32.)  On March 18, 2024, the motion was referred by minute order to the Office of the Federal Defender ("FDO") for possible assumption of representation.  (Doc. No. 33.)[1]  Criminal Justice Act counsel then appeared on behalf of defendant and on May 21, 2024, counsel filed an amended motion to reduce sentence.  (Doc. No. 40.)  On June 28, 2024, the government filed an opposition to that motion.  (Doc. No. 41.)  On July 15, 2024, counsel on behalf of defendant filed a reply in support of the pending motion.  (Doc. No. 42.)

For the reasons explained below, the court will grant defendant's motion to reduce his sentence in part.

---

[1] On April 15, 2024, this case was reassigned to the undersigned.  (Doc. No. 79.)

1

**BACKGROUND**

On June 14, 2021, pursuant to a plea agreement, defendant entered a plea of guilty to a one-count Information charging him with possession with the intent to distribute at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine, at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and at least 400 grams or more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (Doc. Nos. 15, 16, 20.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 33 and his criminal history category as I, based on a finding of a criminal history score of 0, resulting in an advisory sentencing guidelines range calling for a term of imprisonment between 135 and 168 months. (Doc. No. 23 at 6–8, 14.) At sentencing, the government took the position that after the preparation of the PSR, the defendant had satisfied the requirements for safety valve relief under U.S.S.G. § 2D1.1(b)(18) and was entitled to a two-point downward adjustment to his offense level, resulting in a revised guideline range calling for a term of imprisonment of between 108 and 135 months, with the government recommending a low-end of the guideline sentence of 108 months. (Doc. Nos. 24, 28.) Notably, counsel for defendant sought a sentence of less than 108 months. (Doc. No. 29.) At the sentencing hearing on October 25, 2021, the court determined that defendant's adjusted offense level was 31, instead of 33, and sentenced defendant Quintero Beltran to a low end of the guideline 108-month term of imprisonment, along with a 60-month term of supervised release to follow. (Doc. Nos. 30, 31.) The court entered judgment on October 27, 2021. (Doc. No. 31.)

In his pending motion, defendant Quintero Beltran moves to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing Guidelines. (Doc. Nos. 32 at 1; 40 at 1–5.) Specifically, defendant contends that he is eligible for a sentence reduction based on Part B of Amendment 821 and U.S. Sentencing Guidelines ("U.S.S.G.") § 4C1.1(a). (*Id.*) That new provision reduced the advisory sentencing guideline range for those who had no criminal history points—so-called zero-point offenders. Defendant contends that a two-point downward adjustment to his offense level results in a guideline range calling for a term

of imprisonment of 87 to 108 months and requests that the court reduce his original 108-month sentence to 87 months, the low end of the new guideline range. (Doc. No. 40 at 2, 6.)[2]

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular

---

[2] Although defendant does not seek a sentence reduction pursuant to Part A of Amendment 821 (*see* Doc. Nos 32 at 1; 40 at 2), it is clear that he would be ineligible for relief under that provision. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. However, defendant's PSR does not reflect that he was under any criminal justice sentence when he committed the offenses for which he was sentenced by this court, and he did not receive any status points. (Doc. No. 23 at 7.)

circumstances of the case.'" *Id*. (quoting *Dillon*, 560 U.S. at 827).  The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id*. (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

As noted above, defendant Quintero Beltran asserts that he is eligible for a reduction to his sentence based on Part B of Amendment 821.  (Doc. No. 40.)  The government agrees that the defendant is "technically" eligible for the requested reduction because he was found to have 0 criminal history points at the time of his sentencing.  (Doc. No. 41 at 1.)  Nonetheless, the government opposes the motion and urges the court to exercise its discretion to deny any reduction in defendant's sentence here essentially because (1) the drug trafficking offense to which defendant Quintero Beltran pled guilty was especially egregious in that he was in this country illegally at the time of his offense conduct after having been previously deported in 2016, the offense involved a very large amount of controlled substances, and he had paid a 17-year-old boy to assist him in his drug sales; and (2) while serving his sentence in this case, defendant Quintero Beltran suffered a serious prison disciplinary conviction for being in an unauthorized area and possessing Suboxone on June 25, 2023, suggesting that he still poses a danger to society.  (Doc. No. 41 at 2–4, 6–8.)

Defendant, in reply, contends that the government is essentially arguing that its original recommendation of a low end of the guidelines sentence was too lenient and urges the court to reject any such argument.  (Doc. No. 42 at 1, 3–4.)  Defendant also argues that his single disciplinary incident while in custody, for which he has already forfeited 54 days of time credit, should not also be relied upon to deny him a sentence reduction for being a zero-point offender.  (*Id* at 1–3.)

Clearly, under the discretionary prong of the applicable two-step inquiry, it is within the court's discretion, after considering the applicable § 3553(a) factors, to determine whether the reduction of a sentence is warranted in whole or in part under the particular circumstances of the case, even where the defendant is found eligible for such relief.  *See Dillon*, 560 U.S. at 827; *Brito*, 868 F.3d at 879; *see also* 18 U.S.C. § 3582(c)(2).  Here, the undersigned was the sentencing judge.  At sentencing in 2021, the government took the position that the guideline

offense level drastically understated defendant's culpability. (Doc. No. 24 at 2.) Nonetheless, based upon the government's consideration of defendant's complete lack of criminal history and expeditious resolution of his case, the government recommended a low end of the guideline sentence. (Doc. Nos. 24 at 2, 28 at 1–2.) Not only did the government explicitly consider that defendant was a zero-point offender at the time of his sentencing, but the undersigned did also. Under these circumstances, the court would certainly be justified, after considering the § 3553(a) factors, in denying any reduction of sentence due to the nature of the offense conduct as well as the defendant's disciplinary conviction while in BOP custody. Nonetheless, the undersigned is of the view that, given the two-point downward adjustment in defendant's offense level under the zero-point offender amendment, a mid-guideline sentence is appropriate after considering all of the § 3553(a) factors, including the seriousness of the offense and the need to provide a just punishment.

## CONCLUSION

For the reasons above, the court grants defendant Quintero Beltran's motion to reduce his sentence (Doc. Nos. 32, 40) under 18 U.S.C. § 3582(c)(2), in part. Defendant's sentence is therefore reduced to one of 97 months in the custody of the U.S. Bureau of Prisons. An amended judgment will issue. Thereafter, the Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated: **September 6, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE